STATE OF NORTH DAKOTA, Respondent, v. F. C. ROTHER, Appellant.

(219 N. W. 881.)

**Case governed by decision in prior case.**

This case is governed by the decision rendered in State v. Rother, ante, 875, 219 N. W. 574.

Opinion filed April 20, 1928.   Rehearing denied June 25, 1928.

Appeal from the District Court of Rolette County, *Lowe,* J.

The defendant was convicted of the crime of embezzlement, and appeals from the judgment of conviction and from an order denying a new trial.

Reversed.

*Kehoe & Verret, F. T. Cuthbert,* and *J. C. Adamson,* for appellant.

"The presence of one disqualified person upon the panel invalidates all indictments found.   United States v. Hammond,. 2 Woods, 197; and the defendant is not bound in North Carolina, to show affirmatively that the disqualified juror was present and participated in the finding, inasmuch as the statute is absolute and unconditional, and the disqualification created thereby depends upon the status of the juror in this respect, and that only; and to take advantage of such incompetency, it is incumbent on· the accused merely to show that fact by proof.   It will be presumed that the disqualified juror was present, and acted with his fellows.   State v. Smith, 80 N. C. 410; State v. Lyles, 77 N. C. ·496. . . .   But an unqualified opinion of the defendant's guilt disqualifies, even though formed in finding a previous indictment, since quashed, for the same offense.   State v. Gillick, 7 Iowa, 287." Com. v. Green, 126 Pa. State, 531, 12 Am. St. Rep. 894.

"In no case can an indictment be aided by imagination or presumption.   The presumptions are all in favor of innocence, and if the facts stated may or may not constitute a crime, the presumption is that no crime was committed."   People v. Terrill (Cal.) 59 Pac. 836.

"Something .more than mere physical access or opportunity to approach or take property is intended by the statute in order to make the

appropriation embezzlement." State v. Ugland, 48 N. D. 841, 187 N. W. 237.

"An indictment for embezzlement is sufficient if it follows the words of the statute, said the court in a case cited, but this is only so where the words used in this statute are sufficient to describe every fact essential to constitute the offense; otherwise it is not sufficient." State v. Ives (La.) Ann. Cas. 1912C, 901.

"The fiduciary relation of the accused, which is the element distinguishing embezzlement from larceny should be clearly stated." 9 R. C. L. 1288(31).

*George F. Shafer,* Attorney General, *L. L. Butterwick,* Assistant Attorney General, and *Charles H. Houska,* State's Attorney, for respondent.

"The grounds assigned for quashing, if not established by the record, must be sustained by distinct evidence introduced or offered by accused, accused being entitled to introduce such evidence if his motion is sufficient in law and having the burden of proof." 31 C. J. 813.

"Where a statute inhibits and makes it a crime for any person to commit certain acts, an information which charges, in the language of the statute, that a person has committed the acts so inhibited, is sufficient." State v. Mott, 53 N. D. 222, 205 N. W. 234.

"If an act of a particular description is made criminal, nothing further need be alleged in the indictment than the doing of the specified act. Under such circumstances, it is sufficient to follow the language of the statute in describing the act charged." State v. Hoffman, 112 N. W. 103.

"Where there is substantial evidence in support of the charges, the question whether its effect is to overcome any reasonable doubt of guilt is a question for the jury, and not for the court." Pierce v. United States, 252 U. S. 239, 40 Sup. Ct. Rep. 205, 64 L. ed. 542.

Per Curiam. The defendant was convicted of the crime of embezzlement and appeals from the judgment of conviction and from the order denying a motion for a new trial. The indictment was returned by the same grand jury which returned the indictment in State v. Rother, ante, 875, 219 N. W. 574; the same motion was made to set

aside the indictment in this case as was made in the other, the same proceedings had thereon and the same ruling made by the trial court.

It follows from what has been said in State v. Rother, supra, that the judgment of conviction must be set aside, and the cause remanded for further proceedings conformable to law.

It is so ordered.

NUESSLE, Ch. J., and CHRISTIANSON, BIRDZELL, and BURKE, JJ., and LEMBKE, Dist. J., concur.

BURR, J., being disqualified, did not participate; Honorable F. T. LEMBKE, Judge of the Sixth Judicial District, sitting in his stead.

## On Petition for Rehearing.

PER CURIAM. The defendant has petitioned for a rehearing. In the petition it is said that this court has failed to decide "whether or not the indictment is void because the grand juror John McIlrath participated in the deliberations of the grand jury resulting in the indictment while he was disqualified to act as a grand juror in the case." This question was fully considered in State v. Rother, ante, 875, 219 N. W. 574, and inasmuch as the indictment here was returned by the same grand jury and precisely the same motion was made to set aside the indictment as in the other case, it follows that this case is controlled by the ruling in the former case. Whether the indictment must be set aside will, of course, depend upon whether it is shown that John McIlrath was disqualified to act as a grand juror. The legal principles involved were fully discussed in the opinion in State v. Rother, supra, and if the alleged bias of said McIlrath is established it will, of course, be the duty of the district court to quash the indictment.

The defendant further asserts that certain objections raised to the sufficiency of the indictment were not considered or decided in the former opinion. It is true defendants did assail the sufficiency of the indictment on the alleged grounds that it failed to charge that any fiduciary relation existed between the defendant and Johnson (the alleged owner of the property charged to have been embezzled) at the time it is claimed that the crime of embezzlement was committed and

that the indictment further failed to charge that the property claimed to have been embezzled came into the possession of the defendant by virtue of such fiduciary relation. In view of the emphasis defendant placed upon the assignment of error based upon the alleged disqualification of the juror McIlrath, and the claims advanced upon the oral argument as to the ability of the defendant to establish this disqualification by overwhelming evidence, we were inclined to the view that this question would be determinative of the action and that the question of the alleged insufficiency of the indictment (which was raised by objection to the admission of evidence) would not likely arise upon another trial and, consequently, it was not discussed in the former opinion in this case. The question, however, was considered and all the members of the court were then and are now of the opinion that the indictment is not defective in the particulars charged. In other words, we are of the opinion that the indictment charged the fraudulent appropriation by Rother of property which had been intrusted to him. Comp. Laws 1913, § 9929.

Rehearing denied.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and CHRISTIANSON, JJ., and LEMBKE, Dist. J., concur.